RECEIVED October 06, 2021 CLERK, U.S. DISTRICT COURT WESTERN DISTRICT OF TEXAS BY: LRT DEPUTY

FILED October 06, 2021 CLERK, U.S. DISTRICT COURT WESTERN DISTRICT OF TEXAS BY: LRT DEPUTY

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

| | |
|---|---|
| DR. JACK W. STAMPS, <br> Plaintiff, <br><br> v. <br><br> THE UNIVERSITY OF TEXAS AT AUSTIN, JAY HARTZELL, in his individual and official capacity, DOREEN LORENZO, BRUCE PENNYCOOK and DOUGLAS DEMPSTER, in their individual capacities, <br> Defendants. | § § § § § § § § § § § § § CIVIL ACTION NO. 1:20-CV-01204-LY |

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR EXTENSION OF TIME TO FILE AMENDED PLEADING AND APPOINTMENT OF COUNSEL

To The Honorable United States District Judge Lee Yeakel & Magistrate Judge Susan Hightower:

I, Dr. Jack W. Stamps ("I", "me", "my"), submit this reply to UT Austin and Individual Defendants' ("UT et al." or "UT") response in opposition to my motion for extension of time to file an amended complaint and request for appointment of counsel.

I. REGARDING A REQUEST FOR AN EXTENSION TO FILE AN AMENDED COMPLAINT, I do not wish to cause the court or opposing party any unnecessary delay. In the motion (Dkt. 42), I alluded to reasons for the request for extension. Perhaps I needed to be more explicit. Rule (15)(a)(2) states that, "[t]he court should freely give leave when justice so requires." UT et al. contend there are no additional facts to help plead my case and that any further amendment of my complaint is, "futile" (Dkt. 43). Just how does UT know that?

If there are no additional facts to help plead my case, as UT claims, why the vehement objection to my request for leave to amend my complaint? Doesn't a defendant want to see what a plaintiff has as evidence? The reason for UT's objection is simple: UT is well aware that there are additional facts emerging that are crucial to the pleading of my case. As one example, at present, the Equal Employment Opportunity Commission ("EEOC") is investigating a reported *conflict of interest* involving the investigator from the UT Office for Inclusion and Equity ("OIE") who was assigned to investigate my complaints. This same former-EEOC investigator was the sole author of UT's Statement of Position on my charge of retaliation to the EEOC—a situation that the currently assigned EEOC investigator has called a "concern."

The EEOC is also currently investigating a second charge of retaliation I filed against UT. Assistant Dean Doreen Lorenzo asserted, during a meeting that included then-UT Ombudsperson Mary Steinhardt, that my termination did not "preclude [me] from working at UT in the future." However, I have been looked-over for several jobs that I have applied for at UT within the past 180 days—all of which I am demonstrably qualified for. The EEOC's filing of a second charge and the launching of an investigation of the charge are indicative of the seriousness and pervasiveness of this matter and of the mounting evidence in support of my claims.

Finally, it is puzzling that UT is objecting to a motion requesting to extend a deadline—a request that UT itself has made of the Court, unopposed by me and previous counsel, three times (Dkt. 4; Dkt. 17; Dkt. 27).

II.    REGARDING THE REQUEST FOR APPOINTED COUNSEL, "it never hurts to ask", as my father used to say. On the other hand, *indigent*, as defined by Webster, is simply, *suffering from extreme poverty*. It is presumptuous of UT, and arrogantly sidestepping of its

accountability, to assume I am not suffering from extreme poverty. I am. If the court so requests, I can provide financial records necessary to show that my unemployment benefits have long run out since UT terminated my contract. Through a concerted effort to keep me from working at UT, UT has obliquely contributed to the financial condition I am in. Also, I have applied for several academic teaching jobs nationwide while being unable to solicit letters of recommendation from former UT supervisors—all named in my complaint. As suggested in my motion for extension, I can meet with the Court and opposing counsel to discuss this or any issue. I want to know more about how all of this works.

## IN CONCLUSION

I humbly pray and ask the Court to grant me leave to amend my complaint to provide additional facts to help plead my case. I humbly pray and ask the Court for any assistance with the assignment of counsel, even if only to help me prepare documents and provide legal research. Thank you.

Respectfully Submitted,

**Dr. Jack W. Stamps, Jr.**
447 Cloverleaf Ave #6
San Antonio, Texas  78209
210-849-5347
*jackwstamps@gmail.com*

**PLAINTIFF,** *PRO SE*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 6, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which automatically provided notice to the following CM/ECF participants:

MELINDA J. WETZEL
Texas Bar No. 24115637
Assistant Attorney General
General Litigation System
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
(512) 463-2120
FAX (512)-320-0667