UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DR. JACK W. STAMPS,<br>   *Plaintiff,*<br><br>v.<br><br>THE UNIVERSITY OF TEXAS AT AUSTIN; JAY HARTZELL, in his individual and official capacity; DOREEN LORENZO, BRUCE PENNYCOOK, and DOUG DEMPSTER, in their individual capacities; and MICHAEL BAKER, in his official capacity,<br>   *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§      Case No. 1:20-cv-01204-LY-SH |

### ORDER

Before the Court are The University of Texas at Austin's Opposed Motion to Stay Discovery, filed August 18, 2021 (Dkt. 35); Plaintiff's Motion for Dismissal of Counsel, Request for Extension to File Amended Pleadings and Other Considerations, filed September 30, 2021 (Dkt. 42); Motion of Counsel for Plaintiff to Withdraw, filed October 1, 2021 (Dkt. 43); Plaintiff's Application for Permission to File Electronically, filed October 7, 2021 (Dkt. 46); Plaintiff's Motion to Supplement Previous Request for Extension for Plaintiff to File Fifth Amended Complaint, filed October 12, 2021 (Dkt. 47); and the associated response and reply briefs.[1] On September 20, 2021, the District Court referred all pending and future motions in this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 41.

---

[1] The Court will address The University of Texas at Austin's Motion to Dismiss Plaintiff's Fourth Amended Complaint (Dkt. 32) in a separate Report and Recommendation.

### I. Background

Plaintiff Dr. Jack W. Stamps was an Assistant Professor of Practice in the Department for Arts and Entertainment Technology ("DAET") at The University of Texas at Austin ("UT"). Plaintiff's Fourth Amended Complaint, Dkt. 22 ¶¶ 13, 15. Plaintiff alleges that during his tenure he witnessed his direct supervisor, Bruce Pennycook, engage in sexually inappropriate conduct. *Id.* ¶ 20. The alleged conduct included making sexually charged comments regarding female students, staff, and faculty and asking Plaintiff about his own sexual relationship with his significant other, also a DAET faculty member. *Id.* Plaintiff reported Pennycook's behavior to UT's administration. *Id.* ¶ 23. On May 6, 2019, UT's Division of Diversity and Community Engagement Office of Inclusion and Equity ("OIE") launched an investigation into Plaintiff's complaint. *Id.* ¶ 26. Plaintiff alleges that Pennycook and Douglas Dempster, Dean of the College of Fine Arts, became aware of Plaintiff's complaint and the active OIE investigation by May 16, 2019. *Id.* ¶ 27. Less than two weeks later, on May 29, 2019, Plaintiff was informed that his teaching contract at UT would not be renewed. *Id.* ¶ 29. Plaintiff claims that the decision not to renew his contract was in retaliation for his complaints against Pennycook. *Id.* ¶ 49. Plaintiff filed a grievance with UT's Faculty Grievance Panel, which allegedly found that Plaintiff's retaliation claim was substantiated and recommended that his contract be renewed. *Id.* ¶¶ 32, 34. UT President Jay Hartzell allegedly rejected the panel's findings and upheld the decision not to renew Plaintiff's contract. *Id.* ¶ 38.

Plaintiff applied for and took medical leave in the fall of 2019 due to stress, anger, and anxiety caused by the alleged retaliation he suffered. *Id.* ¶ 42. UT then allegedly cancelled his spring semester classes, and Plaintiff never returned to work. *Id.* ¶¶ 42-45.

On December 9, 2020, Plaintiff filed this lawsuit against UT, asserting violations of Title VII of the Civil Rights Act of 1964, Title IX of the Education Amendment of 1972, and the Family

2

Medical Leave Act. Plaintiff has amended his complaint three times, adding as defendants UT President Jay Hartzell, in his individual and official capacity; Pennycook, Dempster, and Assistant Dean Doreen Lorenzo, in their individual capacities; and DAET Chair Michael Baker, in his official capacity. Dkts. 8, 16, 22. Plaintiff also dropped his Title IX claim and added a claim for First Amendment violations under 42 U.S.C. § 1983. Dkt. 22 ¶¶ 46-59.

On July 28, 2021, Defendants moved to dismiss Plaintiff's Fourth Amended Complaint for failure to state a claim and lack of subject matter jurisdiction over the official capacity claims against Baker and Hartzell. Dkt. 32. Defendants Hartzell, Lorenzo, Dempster, and Pennycook also asserted qualified immunity. *Id.* at 14-19. Defendants request a stay of discovery pursuant to Fed. R. Civ. P. 26(c) until the Court decides the threshold immunity issues raised in the motion to dismiss. Dkt. 35.

On September 30, 2021, Plaintiff, acting *pro se*, filed a motion asking the Court to (1) allow his counsel to withdraw; (2) appoint new counsel; and (3) extend the deadline to file amended pleadings so that he may file a Fifth Amended Complaint. Dkt. 42. Plaintiff's attorneys filed their own motion to withdraw the next day. Dkt. 43.

## II.     Motion to Withdraw

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 204 (5th Cir. 2019) (quoting *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989)). The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal. *Practice Interactive, Inc. v. Candelario*, No. A-20-CV-00645-JRN, 2021 WL 3520915, at *1 (W.D. Tex. Jan. 4, 2021). A district court has substantial latitude to deny an attorney's motion to withdraw if the court is not persuaded that good cause for withdrawal exists. *Hernandez v. Aleman*

*Constr., Inc.*, No. 3:10-cv-2229-BN, 2014 WL 1794833, at *1 (N.D. Tex. May 5, 2014). Even if good cause exists, an attorney may withdraw only if withdrawal will not disrupt the lawsuit. *Hernandez v. Siemens Corp.*, No. SA-16-CV-00539-RCL, 2017 WL 5712100, at *3 (W.D. Tex. Nov. 27, 2017) (citing *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)). The decision whether to grant an attorney's motion to withdraw is "entrusted to the sound discretion" of the district court. *Wynn*, 889 F.2d at 646. A court must consider multiple factors, including (1) undue delay in the proceedings; (2) prejudice to the client; and (2) the interests of justice. *Walker v. Voyager Charters, LLC*, No. A-08-CA-0027-JRN, 2009 WL 10700768, at *1 (W.D. Tex. Feb. 26, 2009).

Plaintiff's attorneys gave no reason for their requested withdrawal. Their motion thus fails to comply with Local Rule AT-3, which requires that:

> An attorney seeking to withdraw from a case must file a motion **specifying the reasons for withdrawal** and providing the name and office address of the successor attorney. If the successor attorney is not known, the motion must set forth the client's name, address, and telephone number, and must bear either the client's signature or a detailed explanation why the client's signature could not be obtained after due diligence.

(emphasis added). Plaintiff states in his own motion that he consents to the withdrawal, but that alone does not satisfy an attorney's burden to show good cause for withdrawal. *See Terra Tersus, LLC v. XTO Energy, Inc.*, Nos. 6:17-cv-697-RWS-KNM and 6:17-cv-698-RWS-KNM, 2018 WL 10125126, at *1 (E.D. Tex. Aug. 29, 2018) (stating that plaintiff's counsel failed to meet burden because he offered no reason for withdrawal other than agreed termination of attorney-client relationship).

Because Plaintiff's attorneys have not shown good cause for withdrawal or complied with Local Rule AT-3, the Court **DENIES WITHOUT PREJUDICE** the Motion of Counsel for Plaintiff to Withdraw (Dkt. 43). Should they still wish to withdraw, Plaintiff's counsel are hereby **ORDERED** to submit a revised motion for the Court's consideration by **November 19, 2021.**

### III. Plaintiff's Motion for Dismissal of Counsel, Request for Extension to File Amended Pleadings and Other Considerations

As stated above, Plaintiff, acting *pro se*, asks the Court to allow his counsel to withdraw, to appoint him new counsel, and to amend the Scheduling Order to permit him to file his Fifth Amended Complaint. Dkts. 42, 47. Plaintiff also asks the Court to approve his request to become an electronic filing user in the United States District Court for the Western District of Texas. Dkt. 46. Defendants oppose Plaintiff's requests to file an amended complaint and for appointment of counsel. Dkt. 44.

A party has no right to file *pro se* documents with the court while represented by counsel. *U.S. v. Steinbrecher*, 112 F. App'x 987, 988 (5th Cir. 2004) (stating that *pro se* motions will not be considered when a party is represented by counsel as there is no right to "hybrid representation"); *Morrison v. Stephens*, No. MO:15-CV-00069-RAJ-DC, 2017 WL 11621297, at *9 (W.D. Tex. Mar. 13, 2017). Plaintiff is represented in this action and therefore may not submit filings *pro se*. Accordingly, Plaintiff's Motion for Dismissal of Counsel, Request for Extension to File Amended Pleadings and Other Considerations (Dkt. 42), Plaintiff's Motion to Supplement Previous Request for Extension for Plaintiff to File Fifth Amended Complaint (Dkt. 47), and Plaintiff's Application for Permission to File Electronically (Dkt. 46) are **STRICKEN**.

### IV. Defendants' Motion to Stay Discovery

Defendants seek to stay discovery until the Court decides the immunity defenses raised in their Motion to Dismiss. Dkt. 35 at 1. Plaintiff opposes a stay, arguing that he should be allowed to take discovery on claims not subject to immunity defenses, including his Title VII claim. Dkt. 37 at 1.

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a

protective order on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Under Rule 26(c)'s "good cause" requirement, the party seeking a protective order has the burden to show the necessity of its issuance with a particular and specific demonstration of fact. *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). To determine whether a stay is appropriate, a court must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and eliminate the need for such discovery entirely. *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016).

The Supreme Court "has described immunity as a threshold question, to be resolved as early in the proceedings as possible." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (per curiam) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)). The Fifth Circuit has stated that, "until resolution of the threshold question of the application of an immunity defense, discovery should not be allowed." *Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990) (internal quotation marks omitted); *see also Williams-Boldware v. Denton Cnty.*, 741 F.3d 635, 643 (5th Cir. 2014) (stating that the "basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009)); *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) ( "One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive."); *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987) (finding that district court acted properly in staying discovery pending resolution of issues of absolute, qualified, and sovereign immunity). When a stay of discovery is warranted for parties asserting qualified immunity, discovery should be stayed as to all parties. *Iqbal*, 556 U.S. at 685-86.

Defendants have raised the defenses of qualified immunity and sovereign immunity in their Motion to Dismiss. Because the Fifth Circuit has stated that discovery should not be permitted until resolution of the threshold question of an immunity defense, Defendants have presented good cause to stay discovery. *Nieto*, 894 F.2d at 177. Accordingly, the Court **GRANTS** The University of Texas at Austin's Opposed Motion to Stay Discovery (Dkt. 35) until the District Court has ruled on the pending Motion to Dismiss (Dkt. 32).

**SIGNED** on November 4, 2021.

                                                  SUSAN HIGHTOWER
                                                  UNITED STATES MAGISTRATE JUDGE