UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DR. JACK W. STAMPS,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 1:20-cv-01204-SH |
| THE UNIVERSITY OF TEXAS<br>AT AUSTIN,<br>*Defendant* | §<br>§<br>§<br>§<br>§ | |

## ORDER

Now before the Court are Plaintiff's Motion to Void Settlement Agreement under Rule 60(b), filed January 9, 2025 (Dkt. 76); Notice of Defendant's Failure to Respond, filed March 11, 2025 (Dkt. 78); and Notice of Newly Discovered Evidence, filed April 12, 2025 (Dkt. 79).

### I. Background

Dr. Jack W. Stamps brought this suit on December 9, 2020 against Defendants The University of Texas at Austin ("UT"), its president, and several UT employees. Stamps, a former UT professor, alleges that the university retaliated against him by failing to renew his teaching contract after he complained about his direct supervisor's inappropriate conduct, in violation of Title VII of the Civil Rights Act. Fourth Amended Complaint, Dkt. 22 ¶¶ 46-54. Stamps also brought First Amendment claims against several individual defendants and sought injunctive relief under the Family and Medical Leave Act. *Id.* ¶¶ 55-59.

The Court granted in part and denied in part Defendants' Motion to Dismiss and dismissed the individual defendants on March 21, 2022. Dkt. 50. On June 9, 2023, Stamps – who then was represented by counsel – asked the Court to dismiss all his claims with prejudice, stating that "the parties have reached a settlement agreement and all matters in controversy between the parties in

1

the above-referenced cause have been fully and finally resolved." Dkt. 72. The Court granted Stamps' motion to dismiss, entered final judgment, and closed the case. Dkts. 73, 74.

This is the first, but far from the only, suit Stamps has filed against UT and The University of Texas System ("UT System") related to his employment. One year after filing this case, Stamps brought "nearly identical" claims against UT and Assistant Dean Doreen Lorenzo. *Stamps v. UT*, No. 1:22-cv-00054-LY (W.D. Tex. Dec. 15, 2021). That case was dismissed as frivolous three months later.

Again the next year, Stamps sued UT and Lorenzo, as well as the UT System and several UT employees. *Stamps v. UT Sys.*, No. 5:23-cv-01520-JKP, 2024 WL 2194856 (W.D. Tex. Dec. 12, 2023) ("*Stamps III*"). Stamps alleged that after entering into the Settlement Agreement in the instant case, he learned via an open records request that he had been the subject of an investigation by the Behavioral Risk Assessment Committee ("BRAC") during his employment. *Id.*, Dkt. 23 at ¶ 11. During the BRAC investigation, the defendants allegedly made "libelous, defamatory, and offensive statements" about him. *Id.* at ¶¶ 17, 22, 28 51. Stamps alleged that the committee violated his due process rights and that the Settlement Agreement was "flawed" because UT did not disclose the BRAC investigation. *Id.* ¶ 11; Dkt. 27 at 15-16.

The District Court granted the defendants' motion to dismiss, finding that the Settlement Agreement – which includes a release of claims – was valid and enforceable. *Stamps III*, 2024 WL 2194856. The Court also warned Stamps "that should he persist in filing cases with causes of action arising from his employment with UT Austin and barred by the parties' Settlement Agreement, the Court may declare him to be a vexatious litigant and may impose other appropriate sanctions, such as payment of attorney fees." *Id.* at *5. The Fifth Circuit affirmed. *Stamps v. UT Sys.*, No. 24-50405, 2025 WL 720938, at *4 (5th Cir. Mar. 6, 2025) (per curiam).

Stamps brought yet another suit against the UT System, as well as The University of Texas at San Antonio ("UTSA") and three UTSA employees, in 2024. *Stamps v. Univ. of Texas Sys.*, No. 5:24-cv-00294-HJB (W.D. Tex. March 21, 2024). In that case, Stamps alleges that the defendants retaliated against him by refusing to hire him for positions at UTSA because of his initial suit against UT Austin. *Id.*, Dkt. 21-2 ¶ 43. That case is set for jury trial on January 12, 2026. *Id.* at Dkt. 46.

Stamps now asks the Court to void the Settlement Agreement, vacate the dismissal, and reopen this case. No longer represented by counsel in this case, Stamps is proceeding *pro se*. Dkt. 75. Therefore, the Court liberally construes his motion. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

First, he asks the Court to grant his motion as unopposed because UT never filed a response.[1] Although the Court has discretion under Local Rule CV-7(d)(2) to grant the motion as unopposed, it proceeds to address the merits because deciding a case other than on the merits of the claim is disfavored. *E.g.*, *Kia Am., Inc. v. McAdams*, No. 6:23-CV-00722-ADA-JCM, 2024 WL 4674565, at *2 (W.D. Tex. Oct. 15, 2024), *R. & R. adopted*, 2024 WL 4668165 (Nov. 4, 2024).

## II. Legal Standard

Under Rule 60(b), a district court can grant relief from a final judgment for

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence;

    (3) fraud, misrepresentation, or other misconduct by an opposing party;

    (4) a void judgment;

    (5) a judgment has been reversed or otherwise vacated; or

    (6) "any other reason that justifies relief."

---

[1] UT's response was due January 23, 2025 under Rule CV-7(d)(2) of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

The burden of establishing at least one of the grounds for Rule 60(b) relief is on the movant. *Osborne v. Belton*, 131 F.4th 262, 270 (5th Cir. 2025). Relief under Rule 60(b) "is considered an extraordinary remedy," and the "desire for a judicial process that is predictable mandates caution in reopening judgments." *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005) (quoting *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998)). A decision under Rule 60(b) is left to the sound discretion of the district court and will only be reversed if there is an abuse of that discretion. *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007).

### III.  Analysis

Stamps argues that the Settlement Agreement should be voided "based on the concealment of material facts, fraudulent inducement, and procedural deficiencies by the University of Texas at Austin during the settlement negotiations." Dkt. 76 at 1. He asserts that UT did not produce documents created during the BRAC investigation, that the BRAC investigation "and its defamatory findings against me . . . directly undermine the validity of the Settlement Agreement," and that he would not have agreed to the terms of the Settlement Agreement had he known about the investigation or its contents. Dkt. 76 at 2.

**A. Rule 60(b)(3)**

Stamps seeks relief under Rule 60(b)(3) for fraudulent inducement, asserting that UT's "failure to disclose the BRAC investigation and its defamatory findings deprived [him] of the ability to make an informed decision regarding the Settlement Agreement." Dkt. 76 at 7-8.

Under Rule 60(c)(1), motions seeking relief under Rule 60(b)(3) must be brought within one year after entry of judgment. The Court entered final judgment on June 12, 2023. Dkt. 74. Stamps did not file his Rule 60(b) motion until January 9, 2025, nearly nineteen months later. He offers no explanation for the delay, and he has known of the BRAC investigation since September 12,

2023, just three months after this Court entered final judgment. *Stamps III*, Dkt. 1 ¶ 8. The Court finds that Stamps' request for relief for fraudulent inducement under Rule 60(b)(3) is time-barred. *Clark v. Davis*, 850 F.3d 770, 783 (5th Cir. 2017); *Zuniga v. Stephens*, No. SA-11-CA-241-XR, 2014 WL 4269095, at *2 (W.D. Tex. Aug. 29, 2014).

**B. Rule 60(b)(6)**

Stamps also seeks relief under Rule 60(b)(6). He argues that "the systemic concealment of material facts, coupled with the procedural deficiencies of the BRAC and UTPD, constitutes extraordinary circumstances justifying relief." Dkt. 76 at 8.

The Fifth Circuit has interpreted Rule 60(b)(6)'s "any other reason" language to mean "any other reason than those contained in the preceding five enumerated grounds of Rule 60(b)." *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010). In other words, "relief under Rule 60(b)(6) is mutually exclusive from relief available under sections (1)-(5)." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005).

The Court finds that Stamps' claim under Rule 60(b)(6) falls squarely within the fraud prong of Rule 60(b)(3). Stamps "cannot obtain relief under 60(b)(6) where the allegations of fraud or misconduct are essentially the identical grounds for relief sought under [his] 60(b)(3) motion." *Hesling*, 396 F.3d at 643. That provision's one-year time bar has long since expired, however, and because of the exclusivity requirement discussed above, he cannot now bring his claim through Rule 60(b)(6).

> Relief under subsection (6) is not available to a movant where . . . the relief sought would have been, if not for the Rule's time limits, within the coverage of another of the subsections of the Rule. Said differently, if a motion was of a type that must be brought within a year, and that year passed without filing, the movant cannot resort to Rule 60(b)(6); rather, it finds has itself without Rule 60(b) remedy altogether.

*United States v. Fernandez*, 797 F.3d 315, 319 (5th Cir. 2015) (cleaned up).

5

## C. Other Requests

Stamps requests that "the UT system" be added as a party to this case. Dkt. 76 at 7. Because the Court denies his motion to reopen the case, his request to add a party is denied as moot.

Stamps also requests an evidentiary hearing. The Court finds that a hearing is unnecessary. *See McCorvey v. Hill*, 385 F.3d 846, 850 (5th Cir. 2004) (affirming district court's denial of request for evidentiary hearing on Rule 60(b) motion where hearing "would have served no useful purpose").

## IV. Order

Plaintiff Dr. Jack W. Stamps' Motion to Void Settlement Agreement under Rule 60(b) (Dkt. 76) is **DENIED**.

The Clerk of Court is **ORDERED** to terminate Carla S. Hatcher and Steven B. Thorpe as attorneys of record.

**SIGNED** on May 16, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE